UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Kerry Ann Dugan</u>

    v.                          Civil No. 06-cv-484-JD

<u>Citibank Credit Card
Issuance Trust, et al.</u>

O R D E R

Kerry Ann Dugan, proceeding pro se, brought suit in state court against Citibank Credit Card Issuance Trust, Citigroup Inc., AG Resource Management, LLC, Rebecca Gallegher, Daniel King, and Donato A. Longo, alleging violations of the Fair Debt Collection Act and the New Hampshire Fair Debt Collection Act and a state law claim of intentional infliction of emotional distress.  The Citibank defendants removed the case to federal court based on federal question jurisdiction.  Dugan moves to remand on the ground that all of the defendants did not concur in the notice of removal.  Citibank objects, arguing that because service on the other defendants was defective, it was not required to obtain their consent to removal.

Discussion

Ordinarily the rule of unanimity in removal requires that all served defendants join in or consent to a notice of removal. <u>See, e.g.</u>, <u>Loftis v. United Parcel Serv., Inc.</u>, 342 F.3d 509, 516

(6th Cir. 2003) (construing 28 U.S.C. § 1446); <u>Getty Oil Corp. v. Ins. Co. of N. Am.</u>, 841 F.2d 1254, 1263 (5th Cir. 1988) (same); <u>In re Pharmaceutical Indus. Average Wholesale Price Litig.</u>, 431 F. Supp. 2d 109, 116-17 (D. Mass. 2006); <u>Frankston v. Denniston</u>, 376 F. Supp. 2d 35, 38 (D. Mass. 2005); <u>Davison v. Rand</u>, 2005 WL 768593 at *1 (D.N.H. Apr. 6, 2005). Courts have found an exception to the rule of unanimity for defendants that were not served at the time of the petition for removal. See <u>In re Pharmaceutical</u>, 431 F. Supp. 2d at 120-21. If, however, other defendants were served, but service was improper or defective, the removing defendant or defendants must obtain consent to removal of the other served defendants who have not challenged the validity of service. <u>Id.</u> at 122.

In this case, it is undisputed that Citibank failed to obtain the consent to removal of the other defendants. It is also undisputed that Dugan served the writ of summons on the Secretary of State as to the out-of-state defendants and mailed them copies of the writ by registered mail. Dugan has the return receipts for those mailings. Citibank argues that service on those defendants was defective because Dugan failed to file the return receipts in state court as required by New Hampshire Revised Statutes Annotated § 510.4. Dugan responds that she did file her affidavit with the return receipts and does not know why

2

it was not part of the record in state court.

When removal is challenged, the removing party bears the burden of showing that the statutory requirements have been met. Sirois v. Business Express, Inc., 906 F. Supp. 722, 725 (D.N.H. 1995). Based on the parties' filings, it appears that the nonconsenting defendants were served and have not challenged the validity of service of process. Citibank cannot raise the technical defect of Dugan's failure to file the return receipts in state court to avoid the rule of unanimity. Therefore, Citibank has not shown that removal of this case satisfied the rule of unanimity, and the case must be remanded to state court.

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 8) is granted. The defendants' motion to dismiss (document no. 7) is terminated as moot. The case shall be remanded to Cheshire County Superior Court.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

February 26, 2007

cc: Kerry Ann Dugan, pro se
    John E. Friberg, Jr., Esquire
    Paul Lanagan, Esquire